**Justice B. N. SRIKRISHNA (Retd.)**

**Former Judge, Supreme Court of India**

........................................................................

**O P I N I O N**

**Shire Development LLC and Ors………Plaintiffs**

       **Vs**
**Cadila Healthcare Ltd and Another…….Defendants**

I have been requested by the learned Judge of the United States Court of Appeals For the Third Circuit, Wilmington, DE USA (Hon'ble Kent A. Jordan) to express my opinion on the following question :-

> *"Whether a communication between an employer and his employee in-house counsel, would be privileged communication within the meaning of Sections 126 and 129 of the Indian Evidence Act, 1872 ?"*

1

Sections 126 and 129 of the Indian Evidence Act, 1872, read as under :-

> *"126. Professional Communications –*
> *No barrister, attorney, pleader or vakil, shall at any time be permitted unless with his client's express consent to disclose any communication made to him in the course and for the purpose of his employment as such barrister, pleader, attorney or vakil, by or on behalf of his client, or to state the contents or condition of any document with which he has become acquainted in the course and for the purpose of his professional employment or to disclose any advice given by him to his client in the course and for the purpose of such employment.*
>
> *129. Confidential communication with Legal Advisers-*
> *No one shall be compelled to disclose to the Court any confidential communication which has taken place between him and his legal professional adviser, unless he offers himself as a witness in which case he may be compelled to disclose any such communication as may appear to the Court necessary to be known in order to explain any evidence which he has give, but not others."*

Section 126 attaches privilege to communication made during the course of "professional employment" with a class of lawyers such as 'barrister, advocate, pleader or a vakil' and enjoins against disclosure of any advice given to the client or against disclosure of communication made during the course of his employment as a barrister, attorney, pleader or vakil. I may straightaway mention that Indian Evidence Act is of 1872 vintage when legal profession was pursued by different classes of

2

professionals like barristers, attorneys, pleaders and vakils, each of which had different rights of audience before different courts.

The Advocates Act, 1961, which came into force from 19th May 1961, was enacted `to amend and consolidate' the law relating to "legal practitioners" and to provide for constitution of Bar councils and All India bar.  The Advocates Act, 1961 by one fell swoop abolished the distinction between different kinds of legal practitioners and now provides for only one class of legal practitioners known as advocates.  The term "advocate" is defined in Section 2(a) of the Advocates Act, 1961 to mean an advocate entered in any roll under the provisions of the Act.  Under that Act each State Bar Council is required to maintain a roll of Advocates on which names advocates may be entered.  Section 29 of the Advocates Act, 1961 provides that after the Act came into force there shall be only one class of persons entitled to "practice the profession of law", namely, advocates.  Section 30 of the said Act gives an advocate whose name is entered in the State roll a right to practice throughout the territories of India in all courts, before any tribunal or person legally authorized to take evidence or before any other authority etc.  Section 33 provides that except as

otherwise provided in the Act or any other law for the time being in force, "no person shall, on or after the appointed day, be entitled to practice in any court or before any authority or person unless he is enrolled as an advocate under the Act." The statute invests the power of making rules in the Central Government.  The Indian Bar Councils Act, 1926 deals with setting up of State bar Councils, disciplinary proceedings against members of bar and so on and empowers the Bar Councils to prescribe rules for governing the conduct of legal profession in India.

Rule 49 framed by the Bar Council of India (Part-VI, chapter-II) prescribes the "Standards of Professional Conduct and Etiquette" for advocates.  Rule 49 specifically provides that an advocate shall not be a full time salaried employee of any person, government, firm, corporation or concern "so long as he continues to remain" on the Rolls and shall upon taking up any employment, intimate the fact to the Bar Council and "shall thereupon cease to practice as an advocate so long as he continues in such employment".   There is, however, an exception made in the case of Law Officers of the Central Government, State Government or

Public Corporation or Body constituted by statute, which does not concern us.

The plain language of Sections 126 and 129 of The Evidence Act does not indicate that 'in-house lawyers' or 'salaried legal advisers' fall within their purview. Notably, the legislature has specifically used the words "barrister, attorney, pleader, or vakil" in Section 126 and not chosen to amend the same; and used a broader term "legal professional adviser" in Section 129. The language of the provision does not afford scope for widening the ambit of Section 126 to include an in-house counsel or a salaried legal adviser.

The distinction between a "barrister", "vakil", "attorney" and a "pleader" no longer exists since Section 29 of the 1961 Act specifically provides that there shall be only one class of persons entitled to practise the profession of law, namely 'Advocates'. However, on an interpretation of the Advocates Act and the Bar Council Rules, in-house counsel would not come within the definition of 'advocate' since and 'advocate under Section 2(1)(a)

5

of the Advocates Act means an advocate entered in any roll under the provisions of the Advocates Act.

The legal position in India with regard to practice of law currently is: (a) only an advocate is exclusively entitled to practice the profession of law and (b) a person who is in full time employment of an employer ceases to be an advocate.

The question that needs examination is: what is the status of a full time employee in-house counsel, who is not an advocate on the rolls of the Bar Council, even if he be qualified in law by holding a law degree from a recognized academic institution?

Section 126 would not apply to the case of such a full time employee as he would not fall within the description "barrister, attorney, pleader or vakil".

With regard to communication with a full time employee giving legal advice, the privilege attached to such communication would have to be tested only with reference to

Section 129 of the Indian Evidence Act, 1872.  The privilege provided by Section 129 of the Indian Evidence Act applies only to communication between a person and his *"legal professional adviser"*.  In fact, nothing prevents a person from taking advice, even on a question of law, from a friend, relative or an employee in whom he has confidence.  I am, however, of the opinion that such friend or relative who gives advice is not a "professional legal adviser", unless he is qualified to practice the profession of law and is entitled to do so under the Advocates Act, 1961, Rules made thereunder and the Rules made by the Bar Council of India.

>            I have reviewed all the material made available to me including several judgments of the Indian Courts on which both sides have placed reliance.  The only judgment which deals with the question squarely is the judgment of the Bombay High Court in *Municipal Corporation of Greater Bombay and another vs Vijay Metal Works*, **AIR 1982 BOM 6**.  This judgment of a learned Single Judge takes the view that the privilege under Section 129 should attach to communications between a full time employee and the employer, The Bombay Municipal Corporation.  The learned Judge relied on the observations of Lord Denning M.R. in **(1972) 2 QB**

7

**102** to the effect that "*communication between the legal adviser and their employer (who is their client) are the subject of legal professional privilege*".  With great respect to both the learned Judges, I am unable to accept this proposition of law as currently valid in the Indian context. Neither of them considered the impact of the Advocates Act, 1961 and the Rules made by the Bar Council, which have been considered by later judgments.

In the judgment of *Larsen & Toubro Ltd vs Prime Displays Pvt. Ltd. and others*, **Vol.114 Company Cases 141**, the Division Bench of the Bombay High Court skirted the issue and did not answer the question as to whether in construing the term "legal professional adviser" the provisions of the Advocates Act, 1961 have to be taken into consideration and as to whether in view of the judgment of the Supreme Court of India in the case of *Satish Kumar Sharma vs Bar Council of H.P.*, **(2001) 2 SSC 365**, the judgment in *Municipal Corporation of Greater Bombay vs Vijay Metal Works* (*supra*) was not good law. These issues were not decided by the Division Bench of the Bombay High Court. However, the Bombay High Court does reiterate that what is contemplated by Section 129 is *"communication between a person*

8

*and his legal professional adviser"*. The Bombay High Court judgment also does not consider the impact of Advocates Act, 1961 and the Rules framed thereunder.

In my opinion, therefore, the judgment of the Bombay High Court in *Municipal Corporation of Greater Bombay vs Vijay Metal Works* (*supra*) cannot be considered to be good law in view of the later developments in law to which I shall advert.

A judgment of great import on the question under consideration is the judgment of the Division Bench of the Bombay High Court in *Lawyers Collective vs Bar Council of India and others*, **(2010) 2 Comp LJ 108 (Bom)**, which authoritatively holds: *"….. when the Parliament has enacted the 1961 Act to regulate the persons practicing the profession of law, it would not be correct to hold that the 1961 Act is restricted to the persons practising in litigious matters and that the said Act does not apply to persons practicing in non litigious matters. There is no reason to hold that in India the practice in non litigious matters is unregulated"*. (Vide paragraph 54). The Counsel for Union of India had contended to the contrary, by pointing out that, if the 1961 Act was held to be

9

applicable to persons practicing in non-litigious matters, then no bureaucrat would be able to draft or give any opinion in non-litigious matters without being enrolled as an advocate.  This argument was categorically rejected by the Division Bench of the Bombay High Court by observing, "*.. there is a distinction between a bureaucrat drafting or giving opinion, during the course of his employment and a law firm or an advocate drafting or giving opinion to the clients on professional basis.  Moreover, a bureaucrat drafting documents or giving opinion is answerable to his superiors, whereas, a law firm or an individual engaged in non litigious matters, that is, drafting documents/giving opinion or rendering any other legal assistance are answerable to none.  To avoid such anomaly, the 1961 Act has been enacted so as to cover all persons practicing the profession of law be it in litigious matters or in non-litigious matters within the purview of the 1961 Act*".  The High Court decision suggests that the difference between a professional legal adviser like an Advocate and an employee lawyer is that the professional can give independent advice subject to the rules and ethics of professional conduct while the employee lawyer is likely to be influenced by his employer to whom he is subordinate and answerable.

Another important judgment regarding the interpretation of (unamended) Rule 49 of the Bar Council Rules came up before the Supreme Court in *Satish Kumar Sharma v. The Bar Council of Himachal Pradesh*.[1] In this case, the Supreme Court was concerned with Rule 49 prior to its amendment (post this decision in 2001)–

> *"Rule 49. An Advocate shall not be a full-time salaried employee of any person, Government, firm, corporation or concern, so long as he continues to practise and shall, on taking up any such employment intimate the fact to the Bar Council on whose roll his name appears, and shall thereupon cease to practise as an Advocate so long as he continues in such employment.*

The Supreme Court observed that the phrase **"Practice of law"** under **Sub-Rule (xx) of Rule 2** under the Bar Council of India Rules "*means and includes (a) practicing before the Court, Tribunal, Authority, Regulator, Administrative Body or Officer and any Quasi Judicial and Administrative Body, (b) giving legal advice either individually or from a law firm either orally or in writing, (c) giving legal advice to any government, international body or representing any international dispute resolution bodies*

---
[1] AIR 2001 SC 509.

11

*including International Court of Justice, (d) engaged in Legal Drafting and participating in any Legal Proceedings and (e) representing in Arbitration Proceedings or any other ADR approved by law."*

In *Sushma Suri vs Government of National Capital Territory of Delhi*, **(1999) 1 SCC 330**, the Supreme Court of India pointed out that practice with the profession of law was the genus within which fell activities such as appearing and pleading before the Courts or Tribunals as also activities of rendering professional advice, drafting documents, etc as carried on outside the Courts.

In my opinion, the phrase 'practice of law' under Rule 2(xx) is very wide and includes giving of legal advice and contemplates a degree of independence and neutrality in the legal advice given and does not appear to include legal advice given by in-house counsel (that is, a salaried employee of a Company etc.) to their employer. Thus, in-house counsel cannot be considered to be into 'practice of law' or a 'legal professional legal adviser' within the meaning of section 129 of the Evidence act. Nor, are they advocates within the meaning of Section 2(a) of the Act of 1961.

The Madras High Court decision in *A.K.Balaji v. Government of India & Ors.*[2] is more pertinent. The Court ruled

---

[2] W.P. No. 5614 of 2010 and M.P. Nos. 1, 3 to 5 of 2010 (Decided On: 21/02/2012).

12

that there is no bar under Indian law for the foreign law firms or foreign lawyers to visit India for a temporary period on a 'fly in and fly out' basis, for doling out legal advise to their Indian clients on foreign law or their own system of law and on diverse international legal issues. However, the Court declined to permit them to practice law in India (litigation or non-litigation), unless they fulfill the requirements under the Advocates Act and the Bar Council of India Rules.

The European perspective may also be noticed here, even if not strictly relevant to the Indian law. The European Court of Justice (**ECJ**) in *Akzo Nobel Chemicals Ltd v. European Commission (C-550/07 P)*[3] decided on 14th September 2010 held that legal professional privilege at Community level applied to written communications between clients and independent lawyers, but not to written communications between undertakings and in-house lawyers. Briefly, in this case the European Commission had investigated a Company and its subsidiary for possible anti-competitive practices and its officials took copies of documents at their premises. The Commission decided that two emails between the lawyer and manager were not privileged, and the General Court refused the companies' application to annul that decision. The ECJ upheld the decision of the General Court and held that –

    a. Notwithstanding his enrolment with a bar or law society of a member state and the fact that he was subject to

---

[3] [2011] 2 A.C. 338.

13

    professional ethical obligations, it followed from an in-house lawyer's economic dependence and close ties with his employer that he did not enjoy the level of professional independence comparable to that of an external lawyer in-house lawyers were not independent for the purposes of the condition for legal professional privilege;

b. Since in-house lawyers were in a fundamentally different position from external lawyers, so their respective circumstances were not comparable, the fact that they were treated differently with regard to legal professional privilege did not violate the principle of equal treatment;

c. That when an undertaking sought advice from an in-house lawyer, it was not dealing with an independent third party, but one of its employees, notwithstanding any professional obligations resulting from enrolment at a bar or law society; that, in any event, the rules on legal professional privilege formed part of the restrictions and conditions applicable to a lawyer's profession; that the fact that an undertaking which sought advice from an in-house lawyer had to accept those restrictions and conditions could not be regarded as affecting the rights of defence;

d. An in-house lawyer cannot, whatever guarantees he has in the exercise of his profession, be treated in the same way as an external lawyer, because he occupies the position of an employee which, by its very nature, does not allow him to ignore the commercial strategies pursued

14

>by his employer, and thereby aspects his ability to exercise professional independence.

It is important to note that only a minority of the 27 EU member states extends legal professional privilege to in-house lawyers under their national laws. These are the United Kingdom and Ireland, and the Netherlands, Greece, Portugal and Poland. The remaining majority, including Germany and France (most civil law countries), do not extend legal professional privilege to in-house lawyers. The ECJ's decision needs to be understood in this context. This is an area where the Indian law differs from the English law because of the effect of the 1961 Act.

On interpretation of Sections 126 and 129 of the Evidence Act, in my opinion, that legal privilege is restricted to professional communication with a 'barrister', 'vakil', 'pleader' or an 'attorney' (section 126) and "legal professional adviser" (section129), but does extend to an 'in-house counsel'. Such interpretation seems to be in consonance with the law, the decisions of the superior courts in India and also with the decision of the ECJ in *Akso Nobel Chemicals*. It is also to be noticed that

15

the majority of the European Union members does not extend legal professional privilege to in-house counsel.

In my opinion, no person can be said to be engaged as a "legal professional adviser" unless he is permitted by the law (the Advocates Act, 1961) and the Rules made thereunder and the Rules made by the Bar Council to practice the profession of Law as such. I am of the opinion that an employee in-house counsel rendering advice even on matters of law, however valuable, does not qualify to be a "legal professional adviser" within the meaning of Section 129 of the Indian Evidence Act, 1872. There would thus be no privilege attached to his advice or communications with him, as neither Section 126 nor 129 would apply to such advice or communication.

Mumbai

June 27, 2012 (**B.N. SRIKRISHNA**)