IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHIRE DEVELOPMENT INC., SHIRE PHARMACEUTICAL DEVELOPMENT, INC., COSMO TECHNOLOGIES LIMITED, and GIULIANI INTERNATIONAL LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>CADILA HEALTHCARE LIMITED (d/b/a ZYDUS CADILA) and ZYDUS PHARMACEUTICALS (USA) INC.,<br><br>Defendants. | Civil Action No. 10-581 (KAJ) |

## MEMORANDUM ORDER

At Wilmington this **19th** day of **October, 2012,**

Before me is the issue of whether the internal communications of Defendant Cadila Healthcare Limited ("Cadila") with Mr. NSV Raju, an employee of Cadila who is trained in the law and heads the department that "functions as Cadila's internal legal department for patent issues" (D.I. 228, at 2), are subject to attorney-client privilege under the laws of India. Because the parties presented diametrically opposed expert reports on this difficult question, I appointed, in consultation with the parties, a neutral expert, Justice B.N. Srikrishna, former Justice of the Supreme Court of India, to opine on the issue. *See* Fed. R. Civ. P. 44.1 ("In determining foreign law, the court may

consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence."); Fed. R. Evid. 706 (permitting court to appointed experts). Having reviewed the parties' several submissions on the issue, including their expert reports and the cases cited therein, as well as Justice Srikrishna's report and follow-up questioning by the parties, I now make my ruling.

Justice Srikrishna opined that communications between an employee like Mr. Raju and his employer are not privileged under the laws of India. (*See* Report of Justice B.N. Srikrishna, D.I. 209.) Despite Defendants' concerted efforts to undermine the reasons Justice Srikrishna gave for that conclusion, I am satisfied that his opinion is thoughtful, well-grounded, and persuasive. I therefore adopt it as my own, for the reasons he expressed therein, and conclude that, under the laws of India, attorney-client privilege does not attach to communications between a legally trained corporate employee and his employer.

In so ruling, I also conclude that Special Master Joshua W. Martin, III, Esq., should revisit his Report and Recommendation regarding Defendants' assertion of attorney-client privilege based on Mr. Raju's internal communications at Cadila.

It is therefore ORDERED that the communications at issue, being between Mr. NSV Raju and his employer, are not subject to attorney-client privilege, and it is FURTHER ORDERED that the parties shall confer with the Special Master to determine

whether any additional argument or evidence is needed before he reconsiders his Report and Recommendation in light of this decision.

_____
U.S. CIRCUIT JUDGE sitting by designation